FAMILIES AND FRIENDS OF      *      NO. 2021-C-0674
LOUISIANA'S
INCARCERATED CHILDREN;      *
JANE DOE, ON BEHALF OF          COURT OF APPEAL
HERSELF AND HER MINOR      *
CHILD, JOHN DOE; AND          FOURTH CIRCUIT
MARY ROE, ON BEHALF OF      *
HERSELF AND HER MINOR          STATE OF LOUISIANA
CHILD, JOSEPH ROE      * * * * * * *

**VERSUS**

CITY OF NEW ORLEANS AND
LATOYA CANTRELL, IN HER
OFFICIAL CAPACITY AS
MAYOR OF NEW ORLEANS

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07989, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

*LOBRANO, J., DISSENTS AND ASSIGNS REASONS.*

Hector Linares
Sara Godchaux
Davida Finger
Stuart H. Smith Law Clinic
Loyola University New Orleans College of Law
7214 St. Charles Avenue, Box 902
New Orleans, Louisiana 70118

     COUNSEL FOR RELATORS/PLAINTIFFS

Elizabeth S. Robins
Eraka W. DeLarge
Donesia D. Turner
City Attorney's Office
City Hall, Room 5E03
1300 Perdido Street
New Orleans, Louisiana 70112

COUNSEL FOR RESPONDENTS/DEFENDANTS

**WRIT GRANTED; REVERSED AND REMANDED**


**JANUARY 28, 2022**

*SCJ*
*EAL*
*RML*
*RBW*

Relators/plaintiffs, Families and Friends of Louisiana's Incarcerated Children, Jane Doe, on behalf of herself and her minor child, John Doe, and Mary Roe, on behalf of herself and her minor child, Joseph Roe, seek review of the district court's November 9, 2021 judgment granting the exception of lack of subject matter jurisdiction filed by defendants, the City of New Orleans and Latoya Cantrell, in her official capacity as Mayor of New Orleans. In addition, the district court's judgment dismissed the petition without prejudice and transferred the matter to juvenile court, but issued a stay of its judgment pending review by this Court. Based upon our review of the writ application and the applicable law, this Court finds plaintiffs' petition does not fall under the exclusive jurisdiction of juvenile court pursuant to La. Ch. C. art. 303. Accordingly, we reverse the district court's judgment granting the exception of lack of subject matter jurisdiction and remand this matter to Civil District Court for further proceedings.

1

## PROCEDURAL BACKGROUND

Plaintiffs filed a petition for declaratory judgment, injunctive relief, and a writ of mandamus naming the City of New Orleans and Mayor Latoya Cantrell as defendants. Plaintiffs are Families and Friends of Louisiana's Incarcerated Children, a nonprofit organization, along with two parents on behalf of themselves and their minor children, who were in continued custody at the Juvenile Justice Intervention Center ("JJIC") when an emergency evacuation policy was implemented by defendants. Plaintiffs assert that the defendants created and implemented an emergency evacuation policy that violates the statutory provisions of La. Ch. C. art. 822,[1] concerning the place of continued custody of juveniles prior to adjudication, and the special juvenile procedures guaranteed by La. Const. Art. 5, § 19. Plaintiffs' petition seeks: judgment declaring the defendants' policies pertaining to the evacuation of detained juveniles unconstitutional and in violation of La. Ch. C. art. 822; an injunction prohibiting defendants from implementing the evacuation policies; and a mandamus ordering defendants to develop an evacuation policy that does not violate the constitutional and statutory provisions pertaining to juvenile continued custody.

In response to plaintiffs' petition, defendants filed an exception of lack of subject matter jurisdiction. Defendants argue that the juvenile court has exclusive

---

[1] La. Ch. C. art. 822 provides:
   A. Following the hearing required by Article 819, the court may order a child alleged to have committed a delinquent act or alleged to have violated probation or parole for a delinquent act, continued in custody in a licensed public or private facility for juveniles, if licensure is required by law for such a facility, or in a private home subject to the supervision of the court or in a juvenile detention center.
   B. The court shall not place a child alleged to be delinquent in the custody of either the department of Children and Family Services or the department of Public Safety and Corrections prior to adjudication.
   C. No child subject to the jurisdiction of the juvenile court shall be held in an adult jail or lockup.

2

original jurisdiction, pursuant to La. Ch. C. arts. 302 and 303(11), to adjudicate whether "JJIC's temporary housing arrangement during a declared disaster" violated La. Ch.C. art. 822.

At the hearing on defendants' exception of lack of subject matter jurisdiction, the district court found that juvenile court had exclusive jurisdiction over the plaintiffs' petition pursuant to La. Ch. C. arts. 302 and 303(11). Subsequently, the district court rendered judgment sustaining defendants' exception of lack of subject matter jurisdiction, dismissing plaintiffs' petition without prejudice, and ordering the matter transferred to juvenile court.

Plaintiffs now seek review of the district court's November 9, 2021 judgment.

## DISCUSSION

La. Ch. C. art. 302(1) confers exclusive original juvenile jurisdiction to special juvenile courts created by law for certain parishes, including Orleans Parish. La. Ch. C. art. 303 outlines the specific matters that "[a] court exercising juvenile jurisdiction shall have exclusive original jurisdiction over," which in pertinent part includes:

(1) Delinquency proceedings pursuant to Title VIII, except when a child either:
a. Is subject to the jurisdiction of criminal courts for prosecution and liability as an adult pursuant to Chapter 4 of the Title.
b. Has been transferred by the juvenile court for criminal prosecution and liability as an adult pursuant to Chapter 11 of Title VIII.

    \*     \*     \*

(11) Such other jurisdiction over children as may be provided by law.

Defendants contend that La. Ch.C. art. 303(11) confers exclusive original jurisdiction to the juvenile court over this matter because relators have alleged a violation of La. Ch. C. art. 822. We find no merit in this argument.

3

Plaintiffs have not alleged a specific violation of La. Ch. C. art. 822 concerning a court's order for continued custody of a specific juvenile in a delinquency proceeding. Rather, plaintiffs allege that the policy created and implemented by defendants is a direct violation of the statutory provisions and constitutional requirements for protecting the rights of all juveniles who are in continued custody prior to delinquency adjudication. At issue in this petition is the City's policy for evacuation of the JJIC and the agreement between the JJIC and the Department of Public Safety and Corrections for housing juvenile detainees in adult facilities during an emergency evacuation. Although plaintiffs' petition does involve the interpretation of La. Ch. C. art. 822, this is primarily a civil rights action, which does not fall within the exclusive original jurisdiction of the juvenile court.

Thus, in consideration that the plaintiffs' petition does not involve a violation of La. Ch. C. art. 822 by the juvenile court in a delinquency proceeding, and in consideration of the particular relief sought against the named defendants in plaintiffs' petition, we find that La. Ch. C. art. 303 does not confer exclusive jurisdiction over this matter to juvenile court, and we find no merit to defendants' exception of lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated herein, we grant the writ, reverse the district court's judgment, and remand the matter to Civil District Court for further proceedings.

**WRIT GRANTED; REVERSED AND REMANDED**